UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL DAVID HISSUNG,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ROMEO ARANAS, et. al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:15-cv-00304-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court are the following:

(1) Plaintiff's Opposition to Minutes of Proceeding # 9 and Motion to Reschedule Early Mediation Rule 60(b) (Electronic Case Filing (ECF) No. 10);

(2) Plaintiff's Motion for Order for Mandatory Mediation (ECF No. 11);

(3) Defendants' Motion to Enforce the Settlement Agreement (ECF No. 15);

(4) Plaintiff's Motion to Strike Defendants' Motion to Enforcement Settlement Agreement (ECF No. 16);

(5) Plaintiff's Motion for Sanction for Contempt (ECF No. 19);

(6) Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 27).[1]

Defendants filed a response to ECF Nos. 10 and 11. (ECF No. 12.) Plaintiff filed a reply. (ECF No. 13.) Defendants filed a response to Plaintiff's motion to strike (ECF No. 22), and to

---

[1] Defendants filed a Motion for Extension of Time to File Response to Plaintiff's Motion for Leave to File First Amended Complaint until the court reaches a decision on their motion to enforce the settlement agreement. (ECF No. 28.) The court granted this motion at the hearing on August 23, 2016. (ECF No. 29 3.)

Plaintiff's motion for sanctions (ECF No. 24). Plaintiff filed a reply in support of his motion for sanctions (ECF No. 25), and his motion to strike (ECF No. 26).

The court held a hearing that addressed these motions on August 23, 2016, and issues this Report and Recommendation as a result.

## I. BACKGROUND

Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC), who brought this action pursuant to 42 U.S.C. § 1983. (Pl.'s Compl., ECF No. 4.) The allegations giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id*.) Defendants are Isidro Baca, James Gregg Cox, Dr. Romeo Aranas and the Citizen Utilization Review Board. (*See* ECF No. 3.)

Plaintiff filed his application to proceed in forma pauperis (ECF No. 1) and proposed pro se complaint (ECF No. 1-1) on June 9, 2015. The court screened the complaint and allowed Plaintiff to proceed with the following claims: (1) an Eighth Amendment claim of deliberate indifference to a serious medical need against Baca, Cox, and Dr. Aranas, based on the allegation that they refused to provide him with pain medication because of NDOC policy; (2) an Eighth Amendment claim of deliberate indifference to a serious medical need against the Citizen Utilization Review Board based on the allegation that the board delayed approval of his colonoscopy, which led him to suffer in pain. (ECF No. 3.)[2]

The case was referred for an Early Mediation Conference (EMC) with mediator Margaret M. Crowley, Esq. (ECF No. 8.) The parties participated in the EMC before Ms. Crowley on April 19, 2016, and the minutes from the proceeding reflect that a settlement was reached, and that the settlement documents were to be filed by May 19, 2016. (ECF No. 9.)

On May 10, 2016, Plaintiff filed his opposition to the minutes from the EMC and motion to reschedule the EMC, citing Rule 60(b). (ECF No. 10.) In that document, he asserts that the settlement was induced by a fraudulent misrepresentation made by Defendants that his lawsuit was barred by the applicable two-year statute of limitations. He claims that he discovered after

---

[2] Plaintiff was granted leave to amend with respect to other claims, but did not file an amended complaint within the allotted timeframe. (ECF Nos. 3, 6.)

1 the EMC that this was not the case. He sent a letter to Defendants' counsel, Deputy Attorney
2 General Barraclough, citing a second level grievance (grievance 20062983212) with a final
3 response date of December 5, 2014, which he asserted brought his claims (filed June 9, 2015)
4 within the two-year statute of limitations. (ECF No. 10 at 4.)

5 On May 18, 2016, Plaintiff filed his Motion for Order for Mandatory Mediation, where
6 he asks the court to order Defendants back to the bargaining table. (ECF No. 11.) In this filing,
7 he again asserts that his claims were based on grievance 20062983212 and were timely filed. (*Id*.
8 at 1.) He goes on to assert that the Defendants "browbeat [him] intellectually during the
9 mediation" by bringing up "irrelevant and unrelated grievances and kites from the past" to
10 convince him that the statute of limitations barred him from litigating his claims. (*Id*. at 2.) He
11 states that he did not have the relevant grievance with him during the mediation, but when he
12 returned from the mediation he consulted with another inmate who pointed out the date of
13 exhausted grievance 20062983212. (*Id*.)  As a result, he asks the court to order Defendants to
14 another mediation session. (*Id*.) He attaches a May 11, 2016 letter from Ms. Barraclough sent in
15 response to his April 24, 2016 letter. (*Id*. at 4-5.) In that letter, Ms. Barraclough discussed
16 Plaintiff's reliance on the 2014 grievance (20062983212), and argued Defendants' position that
17 this grievance was not the subject of the statute of limitations argument because the claims that
18 survived screening were from 2010 and 2011 (and possibly 2012). (*Id*. at 4.) She explained that
19 the claim of delay of the colonoscopy is barred by the statute of limitations as the colonoscopy
20 took place on November 2, 2011. (*Id*. at 5.) In addition, he did not fully grieve the no pain
21 medication policy (that was alleged to have taken place in 2011), and in any event it was outside
22 the statute of limitations. (*Id*.)

23 In their response to these two motions, Defendants assert that during the EMC they
24 presented their version of events in a joint session after Plaintiff had presented his version, and
25 their version included a discussion of their argument that the claims that were allowed to proceed
26 on screening accrued between 2010 and 2012 and were outside the statute of limitations. (ECF
27 No. 12 at 2.) In the end, Defendants maintain that Plaintiff decided it was in his best interests to
28 settle and did so on the record, knowing full well that his assent to settle was binding. (*Id*.)

1    Defendants then reiterate the position set forth in Ms. Barraclough's May 11, 2016 letter−that no
2    misrepresentation was made concerning the statute of limitations argument. (*Id*. at 2-3.)
3         In his reply, Plaintiff states he is not alleging fraud, but "<u>accident</u> and <u>surprise</u>" that he
4    was unprepared to deal with as an unrepresented and legally inexperienced inmate at the EMC.
5    (ECF No. 13 at 2.) He suggests that this action must be reopened pursuant to Rule 60(b) due to
6    unfairness. (*Id*.) He again argues that Defendants "browbeat" him by threatening him with an
7    "inevitably successful motion to dismiss" that was based on a flawed argument. (*Id*.)
8         After receiving these filings, the undersigned directed the Clerk to arrange for the
9    preparation of a transcript from the EMC, which was done on July 14, 2016. (ECF Nos. 14, 17.)
10        Defendants then filed a Motion to Enforce the Settlement Agreement, arguing as they did
11   in their response to Plaintiff's prior filings; that Plaintiff entered into a binding agreement to
12   settle this action; and, Plaintiff was not fraudulently induced into settlement. (ECF No. 15.) They
13   also attach a copy of Ms. Barraclough's May 11, 2016 letter, setting forth Defendants' position
14   relative to the settlement. (ECF No. 15-1.)
15        Plaintiff has moved to strike Defendants' motion to enforce the settlement agreement
16   (ECF No. 16), which the court also construes as his response to that motion. He argues it is
17   untimely and "a scandalous breach of the government's fiduciary duty to the public to see justice
18   done." (*Id*. at 1.) He argues that it is the United States' policy to discourage inmate litigants from
19   having inmate assistance during mediation or settlement conferences, which prejudices inmates.
20   (*Id*. at 2.) He asserts that if he had an inmate assistant during the EMC, he would not have been
21   "duped by the misrepresentation of the defendant's lawyers (AG) that his case was time-barred
22   for non-exhaustion." (*Id*. at 3.) He contends that the Defendants should have known about the
23   grievance which he discovered after the EMC, which proves he is within the statute of
24   limitations. (*Id*. at 3.) He claims that he accepted the settlement due to Defendants' "undue
25   influence," and this will be evident from the transcript. (*Id*. at 3-4.)
26        Defendants oppose the motion to strike, arguing that their motion is not a pleading that
27   may be stricken under Rule 12(f), and is not redundant, immaterial, impertinent or scandalous.
28

1  (ECF No. 22.) They reiterate that the parties entered into a binding agreement to settle the action
2  that was not fraudulently induced. (*Id*.)
3        In his reply in support of the motion to strike, Plaintiff acknowledges that at the EMC he
4  agreed to drop his claims, but reiterated his initial argument that he was fraudulently induced into
5  doing so. (ECF No. 26.)
6        Plaintiff then filed a Motion for Sanction for Contempt. (ECF No. 19.) He asks the court
7  to hold Defendants in contempt for failing to bargain in good faith at the EMC because they
8  fraudulently induced him to settle this action. He argues that the Defendants improperly utilized
9  the EMC as a forum to air their defenses which would ultimately be raised in a motion.
10       Defendants oppose the this motion, stating their position again that the EMC was
11 conducted in good faith, as was explained in Ms. Barraclough's May 11, 2016 letter to Plaintiff,
12 and reiterated in Ms. Barraclough's declaration. (ECF No. 24; Barraclough Decl., ECF No. 24-
13 1.)
14       In his reply in support of the motion for contempt sanctions, Plaintiff argues that
15 Defendants surprised him with the statute of limitations argument, and contends that
16 Ms. Barraclough should have explained the defense position relative to the statute of limitations
17 before the EMC. (ECF No. 25.) He attaches a copy of grievance 20062983212 which
18 commenced on August 4, 2014, and was fully exhausted on December 5, 2014. (ECF No. 25 at
19 8- 20.)

## II. DISCUSSION

**A. Plaintiff's Motion to Strike**

22       While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike
23 "redundant, immaterial, impertinent, or scandalous matter" from a *pleading*, it does not authorize
24 the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P.
25 12(f). Courts, however, have inherent powers to control their dockets, *see Ready Transp., Inc. v.*
26 *AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted), and to "achieve the orderly
27 and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This
28 includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*,

627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012) (citing *Ready*, 627 F.3d at 404). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate...conduct." *Id*. (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072, at * 2 (D. Nev. Sept. 30, 2010)).

There is no basis for striking Defendants' motion to enforce the settlement agreement, which the court views as being filed in good faith following the EMC and Plaintiff's recent filings contesting the settlement. Therefore, it is recommended that Plaintiff's motion to strike (ECF No. 16) be denied.

**B. Enforcement of the Settlement Agreement**

Plaintiff's filings at ECF Nos. 10 and 11, as well as Defendants' motion at ECF No. 15, and Plaintiff's motion for sanctions at ECF No. 19, all concern whether the settlement agreement reached by the parties should be enforced, or set aside because it was fraudulently induced. The court will address that issue now.

"'The construction and enforcement of settlement agreements are governed by principles of local law.'" *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013) (quoting *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004)). "That is true, 'even where a federal cause of action is settled or released.'" *Id*. (quoting *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993)).

"Under Nevada law, 'a settlement agreement['s] construction and enforcement are governed by principles of contract law.'" *Id.* (citing *May v. Anderson*, 121 Nev. 668, 119 P.3d 1254, 1257 (2005)). "The 'ultimate goal is to effectuate the contracting parties' intent.'" *In re Amerco Derivative Litig.*, 252 P.3d 681, 693 (Nev. 2011). "Although an analysis of a settlement's terms starts with the language of the agreement, 'when that intent is not clearly expressed in the contractual language, [courts] may also consider the circumstances surrounding the agreement.'" *Id*.

For a contract to be enforceable, basic contract principles require an offer and acceptance, meeting of the minds, and consideration. *May v. Anderson,* 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). "A meeting of the minds exists when the parties have agreed upon the contract's

essential terms." *See Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250, 255 (Nev 2012). Consideration requires something that is "bargained for and given in exchange for an act or promise." *Zhang v. Eighth Judicial Dist. Ct.*, 120 Nev. 1037, 103 P.3d 20, 24 n. 11 (2004), *abrogated on other grounds by Buzz Stew, LLC v. City of North Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008). A contract may be formed when the parties have agreed to the materials terms, even though the contract's exact language is not finalized until later. *May*, 121 Nev. at 672, 119 P.3d at 1257.

Importantly, Plaintiff acknowledged at the hearing that he entered into a settlement agreement, and does not dispute the terms of the agreement. (*See* ECF No. 29 at 2.) Therefore, the court will focus on whether the agreement should be enforced, or set aside because it was fraudulently induced either under State law or Federal Rule of Civil Procedure 60(b).

Plaintiff references Federal Rule of Civil Procedure 60(b) in his filings. "[T]he court may relieve a party ... from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect," "fraud ..., misrepresentation, or misconduct by an opposing party" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (6).

> To establish fraudulent inducement under Nevada law, a plaintiff must prove: by clear and convincing evidence each of the following elements: (1) a false representation made by [the defendant], (2) [the defendant's] knowledge or belief that the representation was false (or knowledge that it had an insufficient basis for making the representation), (3) [the defendant's] intention to therewith induce [the plaintiff] to consent to the contract's formation, (4) [the plaintiff's] justifiable reliance upon the misrepresentation, and (5) damage to [the plaintiff] resulting from such reliance.

*J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018, 120 Nev. 277, 290 (Nev. 2004) (citations omitted).

There are only two claims proceeding in this action: (1) that Baca, Cox and Dr. Aranas refused to provide Plaintiff with pain medication because of NDOC policy; and (2) that the Citizen Utilization Review Board delayed approval of his colonoscopy which led him to suffer in pain. (ECF No. 3.)

The complaint alleges that the denial of pain medication took place when Plaintiff was at NNCC in 2011 (ECF No. 4 at 8-9), and the delay in receiving the colonoscopy necessarily took

1 place in 2011 because he avers that the colonoscopy eventually was performed in
2 November 2011. (*Id*. at 9.)
3     Plaintiff contends that Defendants induced him into settling the action by arguing that
4 they would be successful on a motion to dismiss based on the fact that his claims were barred by
5 the two-year statute of limitations, when this was not the case. He claims that after the EMC he
6 was discussing this with another inmate, and discovered a grievance raising these issues that was
7 completed in December 2014, making his claims timely.
8     Section 1983 does not contain its own statute of limitations; therefore, federal courts
9 borrow the statute of limitations for section 1983 claims applicable to personal injury claims in
10 the forum state. *See Wilson v. Garcia,* 471 U.S. 261, 279-80 (1985); *Pouncil v. Tilton,* 704 F.3d
11 568, 573 (9th Cir. 2012). In Nevada, the statute of limitations for personal injury claims, and
12 therefore § 1983 actions brought here, is two years. Nev. Rev. Stat. 11.190(4)(e); *see also*
13 *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).
14     "A statute of limitations begins to run on the date on which the plaintiff's claim
15 'accrues.'" *Pouncil,* 704 F.3d at 573 (citation omitted). "Federal law determines when a cause of
16 action for a Section 1983 claim accrues and, hence, when the statute of limitations beings to
17 run." *Id*. (citation omitted). Under federal law, a claim accrues "when the plaintiff knows or has
18 reason to know of the injury that is the basis of the action." *Id.* at 574 (citation omitted).
19     Federal courts also apply the forum state's law regarding tolling, including equitable
20 tolling, when not inconsistent with federal law, to civil rights claims filed under section 1983.
21 *Johnson*, 207 F.3d at 653 (citations omitted). "[T]he applicable statute of limitations must be
22 tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d
23 926, 942-43 (9th Cir. 2005) (citations omitted). This is because "a prisoner may *not* proceed to
24 federal court while exhausting administrative remedies" and in some cases, awaiting an
25 investigation or the completion of the exhaustion process, may "endanger the prisoner's ability to
26 file his court complaint within the limitations period." *Id*. (citations omitted).
27     The grievance Plaintiff relies on as establishing his claims proceeding in this action are
28 not barred by the statute of limitations is inapposite. Plaintiff would have the court adopt the

argument that the two year statute of limitations for his claims, which he knew of in 2011, was tolled for over three year– until December 2014–when he completed this grievance that he initiated in August of 2014.

That grievance concerned Plaintiff's meeting with a specialist whom he claims recommended intestine replacement surgery but suspected the prison would not pay for it, and Plaintiff's contention that NDOC could not refuse the surgery due to cost. (*See* ECF No. 25 at 12, 15-16.) The grievance does discuss his history concerning his gastrointestinal medical condition going back to 2010 and 2011, including his requests for something to alleviate his pain and the delay in getting the colonoscopy (*id*. at 16-20); however, pursuant to NDOC's Administrative Regulation (AR) 740, Plaintiff would have been required to grieve any medical claims within six months.[3] This grievance was filed in 2014, which would put the claims regarding the denial of medication and the delay in getting the colonoscopy in 2011 clearly outside AR 740's six-month time frame. Therefore, this grievance could not have served to toll the statute of limitations for the claims proceeding in this action. Therefore, it was certainly reasonable for Ms. Barraclough to argue at the EMC that the discrete claims proceeding in this action were barred by the two-year statute of limitations, and she did not make a misrepresentation in this regard.

As a result, the court does not find Plaintiff was fraudulently induced to enter into the settlement agreement under State law, or that Plaintiff is entitled to relief under Rule 60(b). As such, it is recommended that Plaintiff's motions (ECF Nos. 10, 11) be denied, and that Defendants' motion to enforce the settlement agreement (ECF No. 15) be granted.

**C. Plaintiff's Motion for Sanction for Contempt (ECF No. 19)**

In *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980), the court acknowledged the "inherent power of a court to levy sanctions in response to abusive litigation practices" undertaken in bad faith. *Id*. at 765-766. The court's inherent authority to issue sanctions was reiterated in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The court's "inherent power

---

[3] *See* AR 740.05.4.A, available at http://doc.nv.gov/uploadedFiles/docnvgov/content/About/Administrative_Regulations/AR%20740%20-%20091614.pdf, last visited August 26, 2016.

'extends to a full range of litigation abuses.'" *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (quoting *Chambers*, 501 U.S. at 46-47). The imposition of sanctions under the court's inherent power is discretionary. *Chambers*, 501 U.S. at 44; Air *Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995).

As indicated, the court finds that Defendants' argument at the EMC that the claims proceeding in this action are barred by the statute of limitations was reasonable and made in good faith. There is no basis for imposing sanctions; therefore, it is recommended that this motion be denied.

**D. Plaintiff's Motion for Leave to Amend**

In light of the court's recommendation to enforce the settlement, it is further recommended that the motion for leave to file an amended complaint (ECF No. 27) be denied as moot.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that:

(1) Plaintiff's Opposition to Minutes of Proceeding # 9 and Motion to Reschedule Early Mediation Rule 60(b) (ECF) No. 10 be **DENIED**;

(2) Plaintiff's Motion for Order for Mandatory Mediation (ECF No. 11) be **DENIED;**

(3) Defendants' Motion to Enforce the Settlement Agreement (ECF No. 15) be **GRANTED**;

(4) Plaintiff's Motion to Strike Defendants' Motion to Enforcement Settlement Agreement (ECF No. 16) be **DENIED**;

(5) Plaintiff's Motion for Sanction for Contempt (ECF No. 19) be **DENIED**; and

(6) Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 27) be **DENIED AS MOOT**.

///

///

///

///

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: August 30, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE